UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LEEBER REALTY LLC and BERNARD
COHEN, both individually and in his capacity
as Trustee of the Bernard Cohen Revocable
Trust,

                      Plaintiffs,        No. 17-cv-2934(KMK)(LMS)

   v.

TRUSTCO BANK,

                      Defendant.
_____

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DEFENDANT TRUSTCO BANK FOR AN ORDER PURSUANT TO RULE 60(b)(1), 60(b)(4) AND 60(b)(6) TO VACATE AN ORDER OF THIS COURT FILED JUNE 4, 2018 AND TO DISMISS THIS ACTION PURSUANT TO RULE 12(h)(3)**

Peter A. Pastore, Esq.
MCNAMEE LOCHNER P.C.
Attorney for Defendant Trustco Bank
677 Broadway, Suite 500
Albany, NY 12207
(518) 447-3246

{M1456092.1}

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ................................................................................................................... 1

STATEMENT OF FACTS ...................................................................................................... 1

ARGUMENT ........................................................................................................................... 3

POINT I

PLAINTIFF DID NOT OWN ANY CLAIM FOR RENTS WHEN IT
COMMENCED THIS ACTION OR AFTER THE RECEIVER WAS
APPOINTED ........................................................................................................................... 3

POINT II

THE ORDER WAS ISSUED WITHOUT KNOWLEDGE OF THE
APPOINTMENT OF THE RECEIVER AND SHOULD BE VACATED .............................. 7

POINT III

THIS ACTION SHOULD BE DISMISSED ......................................................................... 10

CONCLUSION ...................................................................................................................... 12

# TABLE OF AUTHORITIES

*Cases*

625 Broadway Owners, LLC v. Soho Fashions, 45 Misc.3d 989 (2014, N.Y. County) ........... 8

Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ................ 11

Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 106 S.Ct. 1326,
    89 L.Ed.2d 501 (1986) ................................................................................................ 9

Chase Manhattan Bank v. Brown & E. Ridge Partners, N.A., 243 A.D.2d 81
    (4th Dep't 1998) ......................................................................................................... 5

EMI Entertainment World v. Karen Records, Inc., 2013 WL 2480212
    (S.D.N.Y. 2013) ...................................................................................................... 7, 8

GMA Accessories, Inc. v. Bop LLC, 2007 U.S. Dist. LEXIS 94964 (S.D.N.Y. 2007) ........... 10

In re 310 Assocs., 346 F.3d 31 (2d Cir. 2003) ......................................................................... 7

In re Emergency Beacon Corp., 666 F.2d 754 (2d Cir. 1981) .................................................. 7

Kane Assocs. v. Blumensen, 30 A.D.2d 127 (1st Dep't 1968) ................................................. 4

Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697 (2d Cir. 2000) ......................... 11

New York Life Ins. Co. v. Fulton Development Corp., 265 N.Y. 348 (1934) .......................... 4

Nemaizer v. Baker, 793 F.2d 58 (2nd Cir. 1986) ..................................................................... 7

Rider v. Babley, 84 N.Y. 461 (1881) ........................................................................................ 4

Snyder v. 1407 Rockaway Parkway, Inc., 241 App.Div. 742 (2d Dep't 1934) .................... 4, 6

Textile Banking Co., Inc. v. Rentschler, 657 F.2d 844 (7th Cir. 1981) ..................................... 9

United States v. Bank of N.Y., 14 F.3d 756 (2nd Cir. 1994) .................................................... 7

United States v. Billini, 2006 WL 3457834 at *2 (S.D.N.Y. Nov. 22, 2006) ...................... 7, 10

Wisconsin Dept. of Corrections v. Schact, 524 U.S. 381, 118 S.Ct. 2047
    141 L.Ed.2d 364 (1998) ........................................................................................... 11

Wyckoff v. Scofield, 98 N.Y. 475 (1885) ................................................................................. 4


*Secondary Sources*

Bergman, Mortgage Foreclosure in New York, pp. 344-345 .................................................. 4

## INTRODUCTION

Trustco Bank submits this Memorandum of Law in support of its motion, pursuant to Rules 60(b)(1), 60(b)(4), 60(b)(6) and 12(h)(3) of the Federal Rules of Civil Procedure for an order vacating this Court's Opinion & Order filed June 4, 2018 (Docket #75) (the "Order") and dismissing this Action for lack of subject matter jurisdiction.

Trustco Bank substituted Peter A. Pastore as its counsel of record on June 19, 2018. Within days of the substitution, Trustco Bank's new counsel learned that a state court foreclosure action was pending wherein a receiver was appointed prior to entry of the Order.

## STATEMENT OF FACTS

The facts necessary to decide this motion are essentially undisputed. On or about December 5, 2005, Plaintiffs granted a mortgage in the amount of $550,000.00 (the "Mortgage") on real property known as 21 Route 59, Nyack, New York 10960 (the "Property") to Flushing Bank, formerly known as Flushing Savings Bank FSB ("Flushing Bank"), a bank organized and existing under the laws of the State of New York with its principal office located at 144-51 Northern Boulevard, Flushing, New York 11354 (Exhibit "C" of Declaration of Peter A. Pastore, Esq., submitted herewith). Pursuant to Section 1.15 of the Mortgage, Plaintiff assigned all rents from the Property to Flushing Bank, but retained a license to collect said rents until an event of default under the Mortgage occurred. Said provision further provided that, after the occurrence of an event of default, all rents were to be held in trust for Flushing Bank (Exhibit "C" of Pastore Declar. at pp. 9-10).

On July 13, 2017, Flushing Bank commenced an action to foreclose the Mortgage in New York Supreme Court, Rockland County, entitled Flushing Bank f/k/a Flushing Savings Bank,

FSB v. Leeber Realty LLC, New York State Department of Taxation and Finance, Bernard Cohen Individually, Bernard Cohen as Trustee of the Bernard Cohen Revocable Trust, et al., Index No. 033167/2017 ("State Court Foreclosure Action"). The complaint in the State Court Foreclosure Action alleges at paragraph 17 thereof that Plaintiffs defaulted under the Mortgage on April 1, 2017 (Exhibit "B" of Pastore Declar. at p. 6). An affidavit of merit filed in the State Court Foreclosure Action on December 26, 2017, also states that Plaintiff defaulted under the Mortgage on April 1, 2017 (Exhibit "D" of Pastore Declar. at ¶7).

Plaintiff commenced the instant action on April 21, 2017. The State Court Foreclosure Action involves the same commercial premises as the instant action, i.e., 21 Route 59, Nyack, New York, 10960.

On November 2, 2017, Flushing Bank applied for the appointment of a receiver of leases and rents for the Property in the State Court Foreclosure Action as permitted by the Mortgage (Exhibit "A" of Pastore Declar. at p.1). On March 26, 2018, the state court issued an order appointing Joseph A. Maria, Esq. ("Receiver") as receiver ("Order Appointing Receiver") (Exhibit "E" of Pastore Declar.; see also Affidavit of Joseph A. Maria, Esq., Receiver, submitted herewith). The Order Appointing Receiver provides that all rents collected from the Property after the date of his appointment shall be paid to the Receiver.

Plaintiffs failed to advise this Court that, at the time it commenced this action, all of the leases and rents from the Property were owned by Flushing Bank, that the State Court Foreclosure Action was commenced on July 13, 2017, or that the Order Appointing Receiver was issued on March 26, 2018.

## ARGUMENT

### POINT I

**PLAINTIFF DID NOT OWN ANY CLAIM FOR
RENTS WHEN IT COMMENCED THIS ACTION
OR AFTER THE RECEIVER WAS APPOINTED.**

The Mortgage contains a provision assigning all leases and rents from the Property to Flushing Bank:

> *** The Rents of the Mortgaged property are hereby transferred and assigned to the Mortgagee, and the Mortgagee shall have the right to enter upon the Mortgaged Property for the purpose of collecting the same and to let and operate the Mortgaged property or any party thereof and to apply the Rents, either in whole or in part, as the Mortgagee elects, to the payment of all charges and expenses of the Mortgaged Property or in reduction of any part of the Debt or other sums due under the Note or this Mortgage. This assignment and grant shall continue in effect until the Debt and all other obligations secured by this Mortgage are paid in full. The Mortgagee hereby waives the right to enter upon the Mortgaged Property for the purpose of collecting the Rents and the Mortgagor shall have a license to collect and receive the Rents until an Event of Default hereunder, but such license of the Mortgagor may be revoked by the Mortgagee upon any such Event of Default. From and after the occurrence of an Event of Default hereunder all Rents collected or received by Mortgagor shall be accepted and held for Mortgagee In trust and shall not be commingled with the funds and property of Mortgagor, but shall be promptly paid over to Mortgagee. The Mortgagee may apply all Rents or any part thereof so received hereunder, after the payment of all of its expenses including costs and attorneys' fees, to the Debt in such manner as it elects or at its option the entire amount or any part thereof so received may be released to the Mortgagor

(Exhibit "C" of Pastore Declar. at §1.15 on pp. 9-10). According to Flushing Bank, Plaintiff defaulted under the Mortgage on April 1, 2017 (Exhibit "B" of Pastore Declar. at ¶17, Exhibit "D" of Pastore Declar. at ¶7). Thus, when the instant action was commenced on April 21, 2017, Plaintiff's license to collect the leases and rents had ended and any such leases and rent belonged to Flushing Bank.

Flushing Bank has advised Plaintiffs of its position that Plaintiffs' license to collect rents was revoked upon the default under the Mortgage (Exhibit "F" of Pastore Declar.).

Next, when the Receiver was appointed on March 26, 2018, the leases and rents due and owing became the property of the Receiver. Under well-established New York law, a court-appointed receiver is empowered, and is required, to collect all rents accruing after the appointment and those rents that accrued prior to the appointment that have not been paid. Kane Assocs. v. Blumensen, 30 A.D.2d 127 (1st Dep't 1968), aff'd 23 N.Y.2d 942 (1969), citing New York Life Ins. Co. v. Fulton Development Corp., 265 N.Y. 348 (1934); Wyckoff v. Scofield, 98 N.Y. 475 (1885); Rider v. Bagley, 84 N.Y. 461 (1881); see Bergman, Mortgage Foreclosure in New York, pp. 344-345. "The theory is that upon his appointment the receiver acquires an equitable lien upon the debt due the owner from the tenant." (Kane Assocs. v. Blumensen, 30 A.D.2d at 129). Conversely, a receiver may not collect rent from a tenant who has paid the mortgagor rent prior to the receiver's appointment. See Snyder v. 1407 Rockaway Parkway, Inc., 241 App.Div.742 (2d Dep't 1934).

Here, the Receiver was appointed on March 23, 2018. Consistent with the above case law, the Order Appointing Receiver provides that the receivership extends to "…all the rents and profits now due and to become due during the pendency of this action…." (emphasis supplied) (Exhibit "E" of Pastore Declar. at pp. 2-3). The order further directs the receiver to "…demand, collect and receiver from the occupants, tenants, and licensees in possession of the Premises, or others liable therefor, inclusive of the mortgagor, all rents and licensee fees thereof to be fixed and due, now due and unpaid…." (emphasis supplied) (Exhibit "E" of Pastore Declar. at p. 4). The Order Appointing Receiver also provides that Plaintiffs and their attorneys are "…enjoined and restrained from: (1) collecting the rents, licensee fees and other charges of the Premises…." (Exhibit "E" of Pastore Declar. at p. 7). Finally, the Order Appointing Receiver provides that "…all of the tenants of the Premises and other persons liable for the rents be and they hereby are

enjoined and restrained from paying any rents for the Premises to the [Plaintiffs], their agents, servants or attorneys…" (Exhibit "E" of Pastore Declar. at pp. 7-8).

Flushing Bank has advised Plaintiffs of its position that any and all rents belong to the Receiver and that Plaintiff's pursuit of rents in the instant action is in violation of the Order Appointing Receiver (Exhibit "F" of Pastore Declar.). The Receiver similarly takes the position that only he can collect rents from the Property, that he is required by the Order Appointing Receiver to collect all monies due, past and present, from tenants of the Property, including any monies that may be owed by Trustco Bank, and that the Order Appointing Receiver specifically enjoins any party other than the Receiver from collecting said rents (Maria Affid. at ¶¶4-5).

Based on the above-discussed case law and the terms of the Order Appointing Receiver, as of the date of the Order Appointing Receiver, all claims for rents then due, including any amounts due from Trustco Bank as a former tenant, belonged to the Receiver and not to Plaintiffs. Plaintiffs' effort to collect rents from Trustco Bank after the granting of the Order Appointing the Receiver violates the provisions of said order. Plaintiffs should have notified this Court that, as of March 23, 2018, the Receiver was the only party entitled to collect rents for the demised premises.

The fact that Plaintiffs have now obtained an order granting summary judgment in their favor does not change the applicable principle of law. In Chase Manhattan Bank v. Brown & E. Ridge Partners, N.A., 243 A.D.2d 81 (4th Dep't 1998), the mortgagor defaulted on a mortgage loan, and the mortgagee commenced a foreclosure action and sought back due rent from one of the mortgagor's tenants. The mortgagor had obtained a judgment against the tenant, and the receiver sought to have the proceeds of the judgment for rent paid to it. The court affirmed the lower court's order that directed that the judgment for past due rent was to be paid to the

receiver. Id. at 85. The court reasoned that the merger by judgment rule did not apply because the merger did not destroy the underlying nature of the debt in this equitable action. Id. The substance of the action was for the payment of rent, and the rent was properly paid to the receiver because it was entitled to unpaid rents that accrued prior to his appointment. Id. The order of the lower court, determining that the receiver was entitled to past rent due, was affirmed.

Based on the above, if, at the time of the receiver's appointment, past due rent has not come into the hands of the owner, the receiver is entitled to the rents regardless of whether the owner has received a judgment. Applying this principle to the instant case, once the Receiver was appointed on March 23, 2018, Plaintiffs had no right to pursue their claim against Trustco Bank because any such claim belonged to the Receiver, not to Plaintiffs.

Plaintiffs' failure to notify this Court and Trustco Bank of the Order Appointing Receiver not only resulted in Plaintiffs receiving an order granting summary judgment on a claim that does not belong to them, but it has exposed Trustco Bank to possible double liability. As stated above, it has been held that a receiver may not collect rent from a tenant who has paid the mortgagor rent <u>prior to the receiver's appointment</u> (emphasis supplied). See <u>Snyder v. 1407 Rockaway Parkway, Inc.</u>, 241 App.Div. at 742. In the instant case, any payment by Trustco Bank to Plaintiffs would necessarily be after the Receiver's appointment. Moreover, the Order Appointing Receiver provides "…all of the tenants of the Premises <u>and other persons liable for the rents</u> be and they hereby are enjoined and restrained from paying any rents for the Premises to the [Plaintiffs], their agents, servants or attorneys…" (emphasis supplied) (Exhibit "E" of Pastore Declar. at pp. 7-8). Thus, Trustco Bank runs the risk of double payment due to Plaintiffs' improper pursuit of the instant action.

## POINT II

## THE ORDER WAS ISSUED WITHOUT KNOWLEDGE OF THE APPOINTMENT OF THE RECEIVER AND SHOULD BE VACATED.

Rule 60(b) of the Federal Rules of Procedure provides a remedy for an order granted on inaccurate or mistaken facts. The Second Circuit has held that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2nd Cir. 1986); accord United States v. Bank of N.Y., 14 F.3d 756, 759 (2nd Cir. 1994). Trustco Bank asserts that there are such exceptional circumstances herein and relief under Rule 60(b)(1), 60(b)(4) and 60(b)(6) is appropriate. Rule 60(b) provides a district court with the authority to relieve a party from a final judgment or order for, *inter alia*, the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (4) the judgment is void; or (6) any other reason that justifies relief.

A movant under Rule 60(b) must not only prove that one of the enumerated grounds in 60(b) applies, but it must also demonstrate that it has a meritorious claim. See United States v. Billini, 2006 WL 3457834, at *2 (S.D.N.Y. Nov. 22, 2006).

### A. The Order Should be Vacated Pursuant to Rule 60(b)(1).

Relief under Rule 60(b)(1) requires that the moving party demonstrate "mistake, inadvertence, surprise, or excusable neglect." The Second Circuit has interpreted "mistake" to include both errors of a party or his representatives, see In re Emergency Beacon Corp., 666 F.2d 754, 759 (2d Cir. 1981), and mistakes of law or fact made by the district court, see In re 310 Assocs., 346 F.3d 31, 35 (2d Cir. 2003).

In EMI Entertainment World v. Karen Records, Inc., 2013 WL 2480212 (S.D.N.Y 2013), former Chief Judge Preska analyzed a motion under Rule 60(b) with a factual background not

unlike the facts of the case at bar. The plaintiff in that case commenced a variety of legal actions against defendants for copyright infringement based on unpaid royalties. The Court had previously found willful copyright infringement and awarded the plaintiff a judgment. The defendants moved to set aside the judgment pursuant to Rule 60(b) because it was learned that the copyrights were not owned by the plaintiff, but by subsidiaries of the plaintiff that were not joined in the action. Judge Preska found that this was an appropriate basis to vacate the judgment under Rule 60(b)(1) because of a "mistake." The mistake in that case was that all parties and the Court assumed jurisdiction over plaintiff based on plaintiff's representation that it was the owner of the copyrights at issue.

In the case at bar, Plaintiffs were in default under the Mortgage at the time they commenced the action with the result that the rents belonged to Flushing Bank. Further, on March 23, 2018, upon the appointment of the Receiver, the rents became the property of the Receiver. As discussed above, New York law is well settled that, once a receiver is appointed, that receiver is the only party that has standing to proceed with the collection of monies due by tenants. Upon the entry of the order appointing a receiver, the owners lack standing to proceed in any litigation to collect unpaid rents or damages under any lease. 625 Broadway Owners, LLC v. Soho Fashions, 45 Misc.3d 989 (2014, N.Y. County).

Unfortunately, in this case, as in EMI Entertainment World, Plaintiffs failed to inform the Court of the circumstances. Trustco Bank was aware, by virtue of statements made by Plaintiffs' counsel, that a foreclosure action had been commenced, but it was not a party to that action and was not aware of the Order Appointing Receiver until June 22, 2018. In EMI Entertainment World, Judge Preska acknowledged that the defendants could have raised the standing issue at an earlier stage in the action, but found that, because a claim that a party lacks standing to bring a

{M1462025.1}                                                8

suit is an attack on the court's subject matter jurisdiction, standing cannot be waived by either party and, in fact, the court has an obligation to raise the matter *sua sponte*. Id. at *2; see also, Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541-42, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). Similarly, as explained in Point I above, Plaintiffs in the instant case lacked standing to collect the rents and other damages under the lease agreement. This lack of standing removes this Court's subject matter jurisdiction, and this Court must address the standing issue notwithstanding the failure of the parties to have raised the issue prior to issuance of the Order. Plaintiffs were aware of the factual basis for the lack of standing once the Receiver was appointed in the State Court Foreclosure Action. Trustco Bank should not be prejudiced because it raised this issue upon recently learning of the events in a lawsuit to which it is not a party. The issue of Plaintiffs' standing and their ownership interest in the rents and lease damages was never placed before, or analyzed by, this Court. Accordingly, this issue is ripe for review pursuant to this Rule 60(b) motion.

### B. The Order Should be Vacated Pursuant to Rule 60(b)(4).

As set forth above, this Court assumed jurisdiction based upon Plaintiffs' representations that they were the owner of the rents and damages under the lease. Clearly that is not the case, and Trustco Bank's newly retained counsel raised this issue within a few days of ascertaining the relevant facts. A judgment is void if the Court lacks jurisdiction subject matter. See Textile Banking Co., Inc. v. Rentschler, 657 F.2d 844, 850 (7th Cir. 1981). After March 23, 2018, the proper party in interest was the Receiver, not Plaintiffs. This jurisdictional impediment renders the Order void pursuant to Rule 60(b)(4).

### C. The Order Should be Vacated Pursuant to Rule 60(b)(6).

Rule 60(b) provides as a ground for vacating an order "any other reason that justifies relief." Rule 60(b)(6) is a catch-all provision that allows a court to grant relief from judgment for reasons that do not fall within one of the other subsections. GMA Accessories, Inc. v. Bop LLC, 2007 U.S. Dist. LEXIS 94964 (S.D.N.Y. 2007).

Trustco Bank was never informed that the Receiver had been appointed in the State Court Foreclosure Action. Had Trustco Bank been aware of that significant circumstance, it would have raised that issue. This substantive issue could have been explored and could have been briefed to this Court before the entry of the Order. The failure of Plaintiffs to raise the issue, and the possibility that Trustco Bank could be exposed to double liability due to this failure, are exceptional circumstances that qualify as "any other reason that justifies relief" under Rule 60(b)(6).

Finally, Trustco Bank's argument that Plaintiffs lack standing is a meritorious defense and, accordingly, Trustco Bank has satisfied the requirement of Rule 60(b) in demonstrating the validity of its position. See United States v. Billini, 2006 WL 3457834, at *2. As explained above, it is well-established New York law that a court-appointed receiver has a paramount right to all rents and lease damages in the context of a mortgage foreclosure action.

### POINT III

### THIS ACTION SHOULD BE DISMISSED.

For the reasons explained above, Plaintiffs do not own any claim for rents against Trustco Bank. As a result, this action should be dismissed. The Receiver would then be free to pursue whatever remedies he may have in state court.

As an independent ground for dismissal of this action, it is apparent that there is no basis for federal court jurisdiction. The basis for federal jurisdiction in this action is diversity based on Plaintiff's contention that it is a citizen of Florida and that Trustco Bank is a citizen of New York. Trustco Bank is a citizen of New York because its principal place of business is located at 5 Sarnowski Drive, Glenville, New York 12302 (Pastore Declar. at ¶1). For the reasons discussed above, any claims in this action belonged to Flushing Bank when this action was commenced and belonged to the Receiver as of his appointment on March 26, 2018. Flushing Bank's principal office is at 144-51 Northern Boulevard, Flushing, New York and, thus, is a citizen of New York (Exhibit "C" of Pastore Declar. at p. 2, Exhibit "D" of Pastore Declar. at ¶12; Exhibit "G" of Pastore Declar. at p. 3). The Receiver's office is located at 301 Old Tarrytown Road, White Plains, New York 10603 (Exhibit "E" of Pastore Declar. at p. 2). Thus, he also is a citizen of New York.

A federal court has diversity jurisdiction under 28 U.S.C. §1332 "only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State" Wisconsin Dept. of Corrections v. Schact, 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). Because there is no diversity of citizenship between Trustco Bank and either Flushing Bank or the Receiver, there is no basis for federal jurisdiction.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Lack of subject matter jurisdiction may be raised by a party or the court at any time in the litigation, even after trial and the entry of judgment (Arbaugh v. Y & H Corp., 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 [2006]). The Second Circuit held in Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697 (2d Cir. 2000):

This case presents us with a question of subject matter jurisdiction raised for the first time after trial. It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed. (citations omitted)

Id. at 700-701. In that case, because both parties were citizens of Vermont, the court held that the district court lacked diversity jurisdiction.[1]

In the instant case, it is apparent that, due to lack of diversity, there is no subject matter jurisdiction, and, as a result, this action should be dismissed.

## CONCLUSION

It is respectfully submitted that this Court's Order filed June 4, 2018 should be vacated and the action should be dismissed pursuant to Rules 12(h)(3), 60(b)(1), 60(b)(4) and 60(b)(6).

DATED:   Albany, New York
         July 17, 2018                    Respectfully submitted,

                                          McNAMEE LOCHNER P.C.

                                          By: _____
                                          Peter A. Pastore, Esq.
                                          Bar Code No.: PP29B
                                          Attorney for Defendant Trustco Bank
                                          677 Broadway, Suite 500
                                          Albany, New York 12207
                                          (518) 447-3246

TO:  Michael A. Freeman, Esq.
     Greenberg Freeman LLP
     110 East 59th Street, 22nd Flr.
     New York, New York 10022

---

[1] The Second Circuit went on to hold that the district court had federal question jurisdiction. Federal question jurisdiction is not present in the instant case.

{M1462025.1}                                      12